IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 07-591 |
| | : | |
| v. | : | CIVIL ACTION No. 10-5242 |
| | : | |
| JOHN RENZI | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                                      January 2, 2013

Petitioner John Renzi, a federal inmate who is currently serving an 87-month sentence at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant Motion to Vacate, Set Aside, or Correct the Conviction and Sentence pursuant to 28 U.S.C. § 2255[1] asking this Court to vacate his guilty plea and conviction. The Government argues Renzi's motion should be dismissed because this Court should enforce the appellate and collateral waiver Renzi entered into as part of his plea agreement. Because this Court finds Renzi entered into a valid waiver of his appellate and collateral rights when he pleaded guilty, Renzi's § 2255 motion will be dismissed.

**BACKGROUND**

On April 11, 2008, Renzi pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. As part of his guilty plea agreement, signed by

---

[1] Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Renzi and his attorney, Renzi agreed to waive his rights to appeal or collaterally attack his conviction and sentence. Guilty Plea Agreement ¶ 9.[2] He also agreed to be charged by information, waiving his right to be charged by a grand jury. Guilty Plea Tr. 3, Apr. 11, 2008. At the time of his plea hearing, Renzi was taking two types of antidepressants and a sleeping pill following a suicide attempt in October 2007; however, he testified he was "clear-headed, a hundred percent" and understood why he was before the Court. *Id*. at 10.

The charges against Renzi involved a Ortega drug-trafficking organization headed by Roger Ortega, whom Renzi had known for fifteen years. From approximately January 2004 through October 2006, Ortega sold and delivered one to three pounds of methamphetamine to Renzi each

---

[2] Specifically, Renzi agreed to the following:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds are unwaivable.
>     a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>     b. If the government does not appeal, then notwithstanding the waiver provision in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>     (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 6 above;
>     (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;
>     (3) the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.
>     If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

*Id.*

month. During his guilty plea colloquy with this Court, Renzi admitted his involvement in the drug conspiracy. *Id.* at 54. Furthermore, he agreed with the Government's summary of facts, with the exception that he supplied Ortega with a "cutting agent," a fact that did not undermine Renzi's participation in the conspiracy. *Id*. at 53-54.

On July 11, 2008, this Court sentenced Renzi to 87 months incarceration and five years of supervised release. His advisory guideline range was 87 to 108 months. At the time of his sentence, Renzi was 66 years old and married with children and grandchildren. Renzi graduated from the Philadelphia College of Pharmacy in 1963, and was a pharmacologist for forty-four years. He also holds an associate degree in engineering.

Despite the collateral review waiver in his plea agreement, Renzi filed the instant § 2255 motion attacking his sentence. In his motion, he raises four grounds for relief: (1) his counsel was ineffective for failing to file a direct appeal; (2) he was prosecuted without an indictment and did not waive prosecution by indictment; (3) his speedy trial rights were violated; and (4) he was coerced into accepting his plea agreement and did not entered enter into it knowingly or voluntarily, thereby depriving him of effective assistance of counsel. The Government asks this Court to dismiss Renzi's § 2255 motion because Renzi waived both his direct and collateral appeal rights. This Court finds the appellate waiver is enforceable, and will therefore dismiss Renzi's motion without issuing a certificate of appealability.

**DISCUSSION**

When the Government invokes an appellate waiver to bar a defendant's appeal, a court must consider three factors: (1) whether the waiver was knowing and voluntary; (2) whether there is an exception to the waiver which prevents its enforcement; and (3) whether enforcement of the waiver

would cause a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (quoting *United States v. Jackson,* 523 F.3d 234, 243-44 (3d Cir. 2008)). A knowing and voluntary waiver of appeal is valid, unless it works a miscarriage of justice. *Id*. (quoting *United States v. Khattak,* 273 F.3d 557, 558 (3d Cir. 2001)). If valid, a waiver of appeal should be strictly construed. *Khattak*, 273 F.3d at 562. To evaluate the waiver's validity, the court reviews the language of the plea agreement and the colloquy between the sentencing judge and the defendant. *See United States v. Gwinnett*, 483 F.3d 200, 204 (3d Cir. 2007).

Renzi argues he was coerced into accepting his plea agreement and did not entered enter into it knowingly or voluntarily. Thus, this Court finds that Renzi argues he did not knowingly or voluntarily enter into the collateral or appellate waiver. Renzi is a highly educated man who holds a college degree and worked as a pharmacist. At the plea hearing, he explained to the Court he read and understood his plea agreement, including the appellate waiver provisions. Guilty Plea Tr. 26-27. Renzi affirmed that he did not feel pressured to plead guilty. *Id.* at 16. Renzi also signed an acknowledgment which states,

> 6. I understand that if I plead guilty, I have waived my right to appeal, except as set forth in the appellate waiver provisions in my plea agreement.
>
> 7. Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty."

Guilty Plea Agreement ¶¶ 6, 7. Consequently, Renzi knowingly and voluntarily waived his appellate rights at his guilty plea hearing.

The record does not support Renzi's claim that his attorney coerced him into waiving his rights. The Court specifically addressed his attorney's representation and whether Renzi pleaded guilty voluntarily at the plea hearing:

4

> The Court: . . . And are you satisfied with the representation and advice that Mr. Malloy has given you so far?
> Defendant: Positively.
> The Court: And you understand that the decision to plead or not to plead to the charges is yours and yours alone?
> Defendant: That's correct.
> The Court: And you understand that nobody can force you to plead guilty, if you don't want to?
> Defendant: Right.
> The Court: Has anybody used any force or threat of force to get you to plead guilty?
> Defendant: No.
> The Court: Any promises to get you to plead guilty, other than those that are contained in the agreement between you and the Government?
> Defendant: No.
> The Court: Anything done or said to get you to plead guilty by anyone.
> Defendant: No, your Honor.
> The Court: Do you feel pressured in any way, shape or form to plead guilty to these charges.
> Defendant: Not at all, sir.
> The Court: Now, you understand the charges against you?
> Defendant: Yes, I do.

Guilty Plea Tr. 15-16.

The record demonstrates Renzi knew what he was signing. He informed the Court at his guilty plea hearing he read the agreement "many times." *Id.* at 28. Moreover, although Renzi's attorney told him that he would only get a "slap on the wrist," the Court advised Renzi of his potential sentence. *Id.* at 23-24. Therefore, the Court cured any potential confusion that Renzi could have had about the length of his future sentence.

Furthermore, Renzi was sentenced to 87 months, the bottom end of the advisory guideline range. Renzi received the benefit of the plea bargain when he freely traded his appellate rights for a shorter sentence. If this Court did not enforce Renzi's waiver, he would gain the benefit of his plea agreement without the self-imposed burdens. *See Khattak*, 273 F.3d at 561-62 (noting that a waiver can be a "bargaining chip in the plea process" that the defendant can freely trade away). Having

found that Renzi knowingly and voluntarily accepted the plea agreement, the Court concludes that Renzi's argument his waiver was not knowing and voluntary is without merit.

Next, this Court must address whether any exception to the appellate waiver contained in the plea agreement would prevent its enforcement as to the claims Renzi raises in his motion. Renzi did not raise this issue, nor do the exceptions to the waiver apply here. Renzi's plea agreement explicitly states the appellate waiver applies to all direct and collateral appeals other than claims that: (1) Renzi's sentence on any count of conviction exceeds the statutory maximum; (2) this Court erroneously departed upward pursuant to the Sentencing Guidelines; or (3) this Court, exercising the its discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range. These exceptions do not apply; therefore, the second element of a valid appellate waiver is satisfied.

As the third and final consideration, this Court must determine whether enforcement of the appellate waiver would work a miscarriage of justice. The Third Circuit Court of Appeals has adopted a "common sense approach in determining whether a miscarriage of justice would occur if the waiver were enforced." *United States v. Mabry*, 536 F.3d 231, 242 (3d Cir. 2008). The Court of Appeals has not attached a specific definition to "miscarriage of justice," but instructs courts to consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001) (internal quotations omitted)).

Renzi raises ineffective assistance of counsel arguments. A meritorious ineffectiveness claim

may be a basis to support a miscarriage of justice. *See United States v. Shedrick*, 493 F.3d 292, 298-99 (3d Cir. 2007). To demonstrate ineffectiveness of counsel, a defendant must show (1) counsel's performance was so deficient that it fell below "an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced him in that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* at 694.

*Strickland* makes clear that in evaluating counsel's performance, the court must be "highly deferential," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted). The defendant must identify the allegedly deficient acts or omissions of counsel. *Id.* at 690. The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.*

Regarding *Strickland*'s prejudice prong, "evidence that there were non-frivolous grounds for appeal or that the defendant at issue promptly expressed a desire to appeal will often be highly relevant." *Shedrick*, 493 F.3d at 301 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000)).

Renzi contends his counsel was ineffective because he did not file a direct appeal. If a defendant requests that his attorney file a direct appeal and the attorney fails to do so, such failure may amount to deficient representation. *See id.* at 303. In *Shedrick*, the defendant wrote a letter to the judge, which was submitted before the appeal deadline passed, and explicitly requested for his

attorney to file an appeal. *Id.* at 301. Although, the judge informed counsel of Shedrick's request, counsel did not take any action. *Id.* at 302. Because Shedrick was prevented from filing an appeal, the court found Shedrick's attorney was ineffective under *Strickland*. *Id.* at 302. The court also found the enforcement of the waiver resulted in a miscarriage of justice. *Id.* at 298 ("Enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [the defendant] from understanding his plea or from filing a direct appeal as permitted in his plea agreement would result in a miscarriage of justice.").

While Renzi argues his attorney was ineffective for failing to file an appeal, Renzi waived his appellate rights at his plea hearing. He agreed, orally and in writing, to waive both appellate and collateral review. The waiver provisions were clear and enforcement would not be a miscarriage of justice.

Renzi also argues his attorney allegedly informed this Court he would file a direct appeal; therefore, his failure to do so demonstrates ineffectiveness. However, there is no indication in the sentencing transcript, or anywhere in his motion, that Renzi actually asked his attorney to file a direct appeal. Renzi only states in a subtitle within his present motion he was denied effective assistance of counsel during critical stage of his proceeding when counsel failed to file his requested notice of appeal. Mot. ¶ 27. In the sentencing transcript, his attorney stated he would file a notice of appeal, "if [the defendant] wishes me to file an appeal." Sentencing Tr. 45-46, July 11, 2008.[3]

---

[4] The full discussion of Renzi's appellate rights at sentencing included the following:

> The Court: . . . And you have–if you choose to appeal you have to file a notice of appeal within ten days after the entry of judgment against you in this case. You have a right to counsel for your appeal and if you cannot afford an attorney, you can ask me to appoint one. Mr. Malloy, are you representing him privately?
> Mr. Malloy: I am, Your Honor, and I can represent to the Court, if he wishes me to

8

Furthermore, because filing a direct appeal violates the plea agreement's terms, Renzi cannot show prejudice under *Strickland*. *See Mabry*, 536 F.3d at 240-41 ("[T]here is no reason to presume prejudice amounting to a miscarriage of justice in such a situation where the attorney's filing an appeal would constitute a violation of the plea agreement . . . ."). Consequently, this Court cannot conclude Renzi's counsel was ineffective for failing to file a direct appeal.

Additionally, Renzi argues his attorney was ineffective in assuring his sentence would only be a "slap on the wrist." The Third Circuit has "long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted." *Shedrick*, 493 F.3d at 299. This holding applies here. "Any alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to sentence, and that the court could sentence him to the maximum." *Id.* (internal citation and quotation marks omitted) (alterations in original); *see also Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972) (finding "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" when the court conducted a proper colloquy and the defendant was informed of the maximum sentence).

---

       file an appeal, I will certainly file the appropriate notice, and then if it's needed to get out, then I would–
       The Court: Very well–
       Mr. Malloy: –notify the Court accordingly.
       The Court: If you cannot afford an attorney, again if Mr. Malloy cannot continue with you, I will ask–you can ask and I will appoint you a lawyer. And if you don't have the money to file the cost of an appeal, you could ask me to waive the cost of filing an appeal. Do you understand your appellate rights?
       The Defendant: Yes, Your Honor.

Id. at 45-46.

This Court also finds the facts concerning Renzi's offense conduct set forth by the Government, to which Renzi agreed orally and in writing, constituted an objectively reasonable basis for Renzi's counsel to advise him to plead guilty. At the plea hearing, the Government detailed the drug conspiracy in which Renzi participated. Guilty Plea Tr. 35-53. The Court asked Renzi if he agreed with all of the facts. He responded affirmatively, and only disputed the supply of a cutting agent. In the plea agreement, Renzi agreed he "participat[ed] in a conspiracy to distribute and possess with intent to distribute more than 10 pounds of methamphetamine in Chester County, Pennsylvania from in or about January 2004 to on or about September 18, 2006." Guilty Plea Agreement ¶ 1. Thus, Renzi cannot meet the "prejudice" prong of the *Strickland* test, as he has not shown there was an unreliable result stemming from his counsel's conduct. Therefore, his ineffectiveness claims fail.

Renzi's two remaining arguments—he was prosecuted without an indictment and was deprived of his speedy trial rights—likewise fail to establish a basis for relief.

Renzi asserts he was not prosecuted by indictment and did not waive such prosecution. The record suggests otherwise. On April 11, 2008, Renzi signed an indictment waiver, consenting to be prosecuted by information instead of indictment. Renzi's attorney also signed the waiver, which indicated:

> JOHN RENZI, the above named defendant, who is accused of 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of methamphetamine, being advised of the nature of the charge and his rights, hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of indictment.

Waiver of Indictment, April 11, 2008.

Under Federal Rule of Criminal Procedure 7(b), "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b). Therefore, Renzi's argument is meritless due to his waiver.

Renzi also raises a speedy trial challenge. Renzi contends his attorney sought and received a 60-day extension to file an information from April 26, 2007, until June 27, 2007, without Renzi's consent. Speedy trial rights, however, are waived by a voluntary guilty plea. *United States v. Isaacs*, 301 F. App'x 183, 186-87 (3d Cir. 2008) (quoting *Washington v. Sobina*, 475 F. 3d 162, 166 (3d Cir. 2007)). Accordingly, we find Renzi's speedy trial argument fails.

Having reviewed and considered each of Renzi's challenges, and determined each of those challenges lack merit, this Court will grant the Government's motion to dismiss Renzi's § 2255 motion.

An appropriate Order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.